UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                        Case No. 19-20323
                                                          Honorable Victoria A. Roberts

JAMES MCDOUGLE,

    Defendant.

_____/

## **ORDER**

On October 17, 2019, Defendant James McDougle filed a Request for Substitution of Counsel [ECF. No. 23]. The Court issued an Order granting that request [ECF. No. 24] and required the Federal Community Defender Office to appoint new counsel [ECF. No. 25]. On November 8, 2019, Mr. McDougle filed a letter [ECF. No. 26] indicating that he wanted to keep David Tholen as his attorney.

Accordingly, the Court **RESCINDS** its Orders [ECF Nos. 24 and 25]. David Tholen will continue to represent Mr. McDougle.

Also, on October 17, 2019, Mr. McDougle filed a Request for Bond [ECF. No. 22]. The Court **STRIKES** Mr. McDougle's request. Federal law permits a criminal defendant to appear "personally or by counsel." 28 U.S.C. §1654. This is "disjunctive; a party may either represent himself or appear through an attorney." *Hall v Dorsey*, 534 F. Supp. 507, 508 (E.D. Pa 1982).

There is no right, constitutional or otherwise, to "hybrid representation - the representation at the same time by counsel and *pro se*." *United States v Trapnell*, 638 F. 2d 1016, 1027 (7th Cir. 1980). Therefore, as part of the latitude accorded district courts managing their dockets, courts may bar *pro se* filings by represented parties. *United States v Agofsky*, 20 F. 3d 866, 872 (8th Cir. 1994) (finding no error in the court's refusal to consider *pro se* motion where defendant was represented by counsel); *United States v Tracy*, 989 F. 2d 1279, 1285 (1st Cir. 1993) ("A district court enjoys wide latitude in managing its docket and can require represented parties to present motions through counsel.")

**IT IS ORDERED**.

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: 11/19/19